UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIE PERRY WOODS,[1]

        Petitioner,

v.

UNITED STATES OF AMERICA,
UNITED STATES PAROLE COMMISSION,
and FEDERAL BUREAU OF PRISONS,

        Respondents,
_____/

Case No. 22-cv-10381
Honorable Linda V. Parker

**<u>OPINION AND ORDER DENYING WITHOUT PREJUDICE (1) THE PETITION FOR WRIT OF HABEAS CORPUS BROUGHT PURSUANT TO 28 U.S.C. § 2241 AND (2) PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS</u>**

    Petitioner, who is incarcerated at the United States Federal Correctional Institution Hazelton in Bruceton Mills, West Virginia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In his *pro se* application, Petitioner challenges his conviction and sentence in this District in 1976 and the United States Parole Commission's calculation as to his parole eligibility. Petitioner also

---

[1] Petitioner's birth name is Curtis Tate but he has used the alias Willie Perry Woods since 1974. (ECF No. 1 at 1.) While Petitioner has been referred to by his birth name in some courts, while also referring to his alias, the current case docket uses only his alias. The Court will therefore use only his alias. The Bureau of Prisons currently lists Petitioner under this name, as well.

seeks habeas relief based on the Bureau of Prison's (BOP) failure to approve him for compassionate release.  For the reasons stated below, the petition is summarily denied without prejudice.

## I. BACKGROUND

Petitioner was convicted of kidnapping in violation of 18 U.S.C. § 1201 after a jury trial in the United States District Court for the Eastern District of Michigan, before the Honorable James Harvey.  (*See* ECF No. 1 at Pg ID 21.)  On September 14, 1976, Judge Harvey sentenced Petitioner to life imprisonment.  (*Id.*)  Petitioner's conviction was affirmed on direct appeal.  *United States v. Woods*, No. 77-5011 (6th Cir. Apr. 19, 1977); (ECF No. 1 at Pg ID 50.)

On December 20, 1984, Petitioner filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, which the trial court denied.  *See Tate v. United States*, No. 85-1479, 1986 WL 17720 (6th Cir. 1986).  On appeal, the Sixth Circuit affirmed as to all claims presented by Petitioner except a claim addressing his presentence report, which the court remanded for consideration.  *Id.*  Although this Court found no record of the remand, it presumes—as Petitioner remains incarcerated—that the district court found no merit to the presentence report issue on remand and, if appealed, the Sixth Circuit affirmed.

After being paroled on a Michigan conviction, Petitioner filed a § 2241 petition in the District Court for the Western District of Michigan on March 15,

2

2021, in which he raised four claims.² *See* Pet., *Tate v. Mich. Parole Bd.*, No. 1:21-cv-243 (W.D. Mich. filed Mar. 14, 2021), ECF No. 1. The district judge, the Honorable Janet T. Neff, interpreted Petitioner's claims as boiling down to one: "that he has completed his federal sentence." *Tate*, 2021 WL 1152890, at *2 (W.D. Mich. Mar. 26, 2021). Petitioner claimed that "[b]ecause his federal sentence is purportedly complete . . . it is wrong for the [Michigan Department of Corrections] to honor the 1976 detainer [related to his federal sentence], it is wrong for the Marshal to refuse to release the detainer, and it is wrong for the BOP to continue to hold him on the life sentence." *Id.*

Judge Neff dismissed the petition, concluding that whether brought under §§ 2241 or 2254, Petitioner failed to demonstrate entitlement to relief. *Id.* Judge Neff acknowledged that it is possible under federal law for an individual sentenced to a life term to be paroled after serving 30 years. *Id.* at *3 (citing 18 U.S.C. § 4206(d)). Apparently Petitioner believed that once he had served 30 years, he had to be released from his federal sentence. As the court explained, however, the decision whether to grant parole is conditional on the Parole Commission finding that the individual "has not seriously or frequently violated" prison rules and regulations and that the individual is not likely "to commit a crime upon release."

---

² When he filed the petition in the Western District of Michigan, Petitioner was incarcerated at an MDOC facility in Muskegon Heights, Michigan, which is within the jurisdiction of that court.

3

*Id.* (citing *Holt v. Terris*, 269 F. Supp. 3d 788, 791 (E.D. Mich. 2017), *aff'd* No. 17-2203, 2018 WL 4908166, at *3 (6th Cir. 2018) (describing the presumptive release date as "non-definite" in nature), *cert. denied* 139 S. Ct. 1234 (2019)). Petitioner did not claim that the Parole Commission wrongfully denied him parole under the applicable statute or regulation and Judge Neff found no foundation for his claim that he was no longer subject to his federal life sentence simply because he had served 30 years. *Id.*

Petitioner filed his current § 2241 petition in this District on February 14, 2022. (ECF No. 1.) Petitioner seeks habeas relief on the following grounds:

> I. Petitioner's justified request for expedited sentence reduction was unreasonably denied by BOP in unduly prejudicial violation of fundamental fairness required by [the] procedural due process clause of [the] Fifth Amendment to the U.S. Constitution.
>
> II. Petitioner's well[-]grounded request for prompt compassionate release was unjustifiably denied by the BOP in unduly prejudicial violation of fundamental fairness required by [the] procedural due process clause of [the] Fifth Amendment to the U.S. Constitution.
>
> III. USPC unduly violates [the] fundamentally fair requirement of [the] procedural due process clause of [the] Fifth Amendment of the U.S. Constitution by unreasonably failing to comply with 18 USC 4205(b)(2) as construed by 28 CFR 2.16 and 28 CFR 2.16-04.
>
> IV. Because his actual innocence exists since no fed[eral k]idnapping occurred, Petitioner's conviction was fundamentally unfair and an egregious abuse of fed[eral] Government power in unduly prejudicial violation of the procedural and substantive due process clauses of the U.S. Constitution.

> V, Trial attorney, who also was appellate attorney, refused to raise ineffective assistance claim against himself for not notifying Petitioner of remaining guilty bargain. Resentencing required under new Fed[eral] Sentencing Guidelines, due to repeal of 18 U.S.C. § 4205(b)(2), 28 CFR 2.16 and 28 CFR 2 . . . . 26-94.

## II. DISCUSSION

A federal habeas court may summarily dismiss a habeas petition that fails to set forth facts giving rise to a cause of action under federal law. *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). The court may also summarily dismiss "any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott,* 512 U.S. 849, 856 (1994). If it plainly appears from the face of the petition or the exhibits attached to it that the petitioner is not entitled to federal habeas relief, the court may summarily dismiss the petition. *See Carson v. Burke,* 178 F.3d 434, 436 (6th Cir. 1999); Rule 4 of the Rules Governing § 2254 Cases. 28 U.S.C. § 2243 imposes on "the district court . . . the duty to screen out any habeas corpus petition which lacks merit on its face." *Id.* at 141. Complying with that duty, this Court concludes that the present petition is subject to summary dismissal, albeit without prejudice, because it is filed in the wrong court.

To the extent Petitioner challenges the calculation of his sentence or a decision regarding his parole, such claims relate to the execution or the manner in which his sentenced is served and are properly filed under § 2241. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009); *Wright v. United States Bd. of*

5

*Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Such actions, however, must be filed in the court having jurisdiction over the petitioner's custodian. *Id.* "[I]n habeas challenges to present physical confinement–'core challenges'—the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *see also* 28 U.S.C. § 2241(a) (stating that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions"). "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Padilla*, 542 U.S. at 434 (quoting 28 U.S.C. § 2242); *see also* 28 U.S.C. § 2243 (providing that "[t]he writ ... shall be directed to the person having custody of the person detained.")

To the extent Petitioner seeks to challenge his conviction or sentence, there are two available routes: a second or successive petition under § 2255 or a petition under the savings clause of § 2255. While a second or successive petition would ultimately be filed with the sentencing court, *see* 28 U.S.C. § 2255(a), Petitioner would have to first submit the petition to the Sixth Circuit Court of Appeals for certification, *see id.* § 2255(h). This has not been done.

To pursue a petition under the savings clause, Petitioner must show that § 2255 is "inadequate or ineffective to test the legality of detention." *Witham v.*

*United States*, 355 F.3d 501, 505 (6th Cir. 2004) (quoting 28 U.S.C. § 2255(e)); *see also Wooten v. Cauley,* 677 F.3d 303, 307 (6th Cir. 2012). "The circumstances in which § 2255 is inadequate and ineffective are narrow[.]" *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). As the Sixth Circuit has explained: "the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied . . . or because the petitioner is procedurally barred from pursuing relief under § 2255 . . . or because the petitioner has been denied permission to file a second or successive motion to vacate." *Id.* (quoting *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999)).

This Court will not opine on whether Petitioner shows that § 2255 is inadequate or ineffective, as a petition filed under the savings clause is brought under § 2241. *See id*. (emphasis added) ("a federal prisoner may also challenge the validity of his conviction or sentence *under § 2241* if § 2255 is 'inadequate or ineffective to test the legality of his detention,' according to the 'savings clause' . . ."). As indicated earlier, § 2241 petitions must be filed in the custodial jurisdiction. *Rumsfeld*, 542 U.S. at 447; *see also United States v. Prevatte*, 300 F.3d 792, 799 n. 2 (7th Cir. 2002) (citing *Garza v. Lappin*, 253 F.3d 918, 921 (7th Cir. 2001)); *Lee v. Wetzel*, 244 F.3d 370, 374-75 (5th Cir. 2001).

Petitioner is currently incarcerated at FCI Hazelton in Bruceton Mills, West Virginia, which is located in the United States District Court for the Northern

District of West Virginia. The federal court for that district has exclusive jurisdiction over his current petition to the extent he challenges the execution of his sentence under § 2241 or his conviction or sentence under the savings clause in § 2255.

To the extent Petitioner seeks compassionate release, he may not do so through a habeas corpus petition. *See Crowe v. United States*, 430 F. App'x. 484, 484–85 (6th Cir. 2011); *see also United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020) (explaining that "the defendant could not use other causes of action (such as a habeas petition) to obtain judicial review of the Bureau of Prisons' refusal to file the reduction-of-sentence motion"). The proper avenue for seeking compassionate release is through a motion under 18 U.S.C. § 3582(c)(1)(A). Such a motion, however, can be brought before the sentencing judge. *See Washington v. Warden Canaan USP*, 858 F. App'x. 35, 36 (3d Cir. 2021).

For these reasons, the Court **SUMMARILY DISMISSES WITHOUT PREJUDICE** Petitioner's § 2241 petition. Such a petition must be filed in the district court of the district where Petitioner is confined. To the extent Petitioner seeks to file a second or successive motion to vacate pursuant to § 2255, he must first seek permission from the Sixth Circuit. A request for compassionate release

may be filed in this District, in Petitioner's initial criminal case; however, such a request must be made by motion under 18 U.S.C. § 3582(c)(1)(A).[3]

To the extent Petitioner decides to appeal this decision, the Court **GRANTS** him leave to proceed in forma pauperis.[4]

**IT IS SO ORDERED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: May 23, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 23, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan  
Case Manager

---

[3] In other words, if Petitioner chooses to file a motion under § 3582(c)(1)(A), he should use the case caption and number from his original case: *United States v. Willie Perry Woods*, No. 74-20115.

[4] A certificate of appealability is not needed to appeal the denial of a § 2241 petition. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004).